IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY HYRE,

    Plaintiff,

v.                                              No. CV 14-0232 MCA/LAM

CURRY COUNTY DETENTION CENTER,
WARDEN TORI SANDOVAL,
OFFICER SAUNDERS,
OFFICER LECLEAR,
OFFICER RHUE,
OFFICER CLOUD,
CHC MEDICAL STAFF NANCY,
NURSE JOE,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's 1983 Civil Complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

1

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names a number of Defendants and asserts claims of unconstitutional conditions of confinement at the Curry County Detention Center. Plaintiff alleges that he was seriously injured when he slipped and fell while leaving his cell. He was unable to feel anything below his lower back or use his legs for four months. He was taken to a hospital, where a wheelchair was ordered for him, but it was ten days later before Defendants provided a chair. During Plaintiff's recovery, one nurse burned his leg with a cigarette lighter, and various nurses "stabbed" his feet to determine if feeling had returned. Staff took away his wheelchair for extended periods, prohibited other inmates from helping him, and otherwise denied him (unspecified) medical treatment. Plaintiff does not identify specific constitutional protections that Defendants allegedly violated, but his claims appear to arise under the Eighth Amendment. He contends that Defendants' actions also violated unspecified state law. The complaint seeks damages and certain equitable relief.

Plaintiff's allegations of abuse and denial of medical treatment fail to identify the individuals who committed the alleged violations. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The Court declines to speculate about which of the named individuals Plaintiff intends to sue. *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) ("Although *pro se* pleadings should be

liberally construed, it is not 'the proper function of the district court to assume the role of advocate for the *pro se* litigant.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). Under this standard, Plaintiff's allegations do not state claims for relief against named Defendants. His complaint will be dismissed with leave to file an amended complaint with adequate factual allegations linking individual Defendants to the alleged abuse and denial of medical treatment. Failure to comply with this Order may result in dismissal of the action.

No relief is available on Plaintiff's allegations against Defendants Curry County Detention Center and Warden Sandoval. First, in an action under § 1983, "a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). And second, the complaint makes no allegations that Warden Sandoval was involved in the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.*; *see also Robbins v. Oklahoma*, 519 F.3d at 1249-50. The Court will dismiss Plaintiff's claims against Defendants Curry County Detention Center and Sandoval.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docs. 2, 3) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Curry County

Detention Center and Warden Sandoval are DISMISSED with prejudice, and Defendants Curry County Detention Center and Warden Sandoval are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with leave to amend; other pending motions are DENIED at this time; and, within twenty-one (21) days from entry of this Order, Plaintiff may file an amended complaint containing adequate factual allegations identifying the individuals who committed alleged abuses and denied him medical treatment; and the Clerk is directed to send a form § 1983 complaint to Plaintiff.

_____
UNITED STATES DISTRICT JUDGE